```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                          HOUSTON DIVISION


UNITED STATES OF AMERICA,        §
                                 §
            Plaintiff,           §
                                 §
v.                               §    CRIMINAL NUMBER H-03-362-SS
                                 §
BYRON ALFRED BOYD, et al.,       §
                                 §
            Defendants.          §
```

## MEMORANDUM OPINION AND ORDER

On January 5, 2005, the United States of America (Government), acting through the United States Attorney for the Southern District of Texas (AUSA), filed, <u>ex parte</u>, a Sealed Motion for Disclosure Order Under Federal Rule of Criminal Procedure 6(e) (Docket Entry No. 256) seeking an order allowing disclosure of grand jury transcripts and interview reports to "relevant state bar disciplinary authorities" having jurisdiction over each of 38 attorneys who testified before a federal grand jury in Houston in connection with this case between October of 2002 and December of 2003. On January 19, 2005, the court entered a Disclosure Order (Docket Entry No. 258), and then on February 24, 2004, stayed that Order to allow counsel for the attorneys identified therein to file a memorandum in opposition. Before the court are the Memorandum in Opposition filed by counsel for 31 of the 38 attorneys named in the

Disclosure Order (Docket Entry No. 262), the Brief in Opposition filed by an attorney-intervenor (Docket Entry No. 282), the Government's responses thereto (Docket Entry Nos. 268 and 285), and replies to the Government's responses filed by counsel for the 31 attorneys and the intervenor (Docket Entry Nos. 302 and 304). For the reasons explained below the Disclosure Order will be vacated, and the Motion for Disclosure Order (Docket Entry No. 256) will be denied.

### I.  Factual Background

The four defendants charged in this case are former officers and members of the United Transportation Union (UTU) who have been convicted of conspiring with others to violate the Racketeer Influenced and Corrupt Organizations Act (RICO) through the commission of two or more predicate acts in violation of 18 U.S.C. § 1962(d).[1]  Between October of 2002 and December of 2003, 38 attorney-witnesses testified before Grand Jury 02-1. Many of these attorneys admitted to paying cash and other things of value to UTU officials to acquire and/or to maintain the status of designated legal counsel (DLC) for the UTU.  Other attorneys made similar admissions to government agents.

---

[1] See Plea Agreement of Ralph John Dennis (Docket Entry No. 38), Plea Agreement of Charles Little (Docket Entry No. 102), Plea Agreement of John Rookard (Docket Entry No. 156), and Plea Agreement of Byron Boyd (Docket Entry No. 160).

## II. Motion for Disclosure Order

Citing Federal Rule of Criminal Procedure 6(e)(3)(E)(i), the Government

> moves that certain transcripts of testimony secured through a criminal grand jury investigation and reports of interviews leading to an indictment in the above-referenced case, be disclosed to relevant state bar disciplinary authorities having jurisdiction over attorney witnesses whose testimony may have revealed misconduct that calls into question their fitness for the practice of law.[2]

The attorneys argue that the Disclosure Order should be vacated and the Government's motion denied because the Government has failed to satisfy Rule 6(e)(3)(E)(i)'s requirements that disclosure of grand jury materials be "preliminary to or in connection with a judicial proceeding," and that the moving party make a strong showing of particularized need for the disclosures.[3]

### A. Applicable Law

#### 1. Grand Jury Secrecy

The grand jury "serves the 'dual function of determining if there is probable cause to believe that a crime has been committed and of protecting citizens against unfounded criminal prosecutions.'" United States v. Sells Engineering, Inc., 103

---

[2] Sealed Motion for Disclosure Order Under Federal Rule of Criminal Procedure 6(e), Docket Entry No. 256, p. 1.

[3] Memorandum in Opposition to Disclosure, Docket Entry No. 262, pp. 1, 4-5, 7-9; Intervenor's Brief in Opposition, Docket Entry No. 282, pp. 3, 19-21.

S.Ct. 3133, 3137 (1983) (quoting <u>Brownsburg v. Hayes</u>, 92 S.Ct. 2646, 2659 (1972)).  Since the grand jury must be able both to ferret out crimes deserving of prosecution and to screen out charges not warranting prosecution, the Supreme Court has consistently

> recognized that the proper functioning of [the] grand jury system depends upon the secrecy of grand jury proceedings.  In particular, [the Court has] noted several distinct interests served by safeguarding the confidentiality of grand jury proceedings.  First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony.  Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements.  There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment.  Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.

<u>Id.</u> at 3138 (quoting <u>Douglas Oil Co. of California v. Petrol Stops Northwest</u>, 99 S.Ct. 1667, 1672-1673 (1979)).  Unless the Rules governing grand juries authorize lifting the veil of secrecy that surrounds grand jury proceedings, and there exists "a strong showing of particularized need" to invoke those Rules, the secrecy of grand jury proceedings must be preserved.  <u>Id.</u> at 3137.

    2.   <u>Federal Rule of Criminal Procedure 6(e)(3)(E)(i)</u>

"Rule 6(e) of the Federal Rules of Criminal Procedure codifies the traditional rule of grand jury secrecy."  <u>Id.</u> at 3138 (citing

Fed. R. Crim. P. 6(e)(2) as forbidding grand jurors, government attorneys, and other personnel to disclose matters occurring before the grand jury). Exceptions to the rule of secrecy appear in Rule 6(e) and include Rule 6(e)(3)(E)(i), which authorizes courts to order disclosure "preliminary to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). See Allis-Chalmers Mfg. Co. v. City of Pierce, Florida, 323 F.2d 233, 239 (5th Cir. 1963) (Rule 6(e) governs "any disclosure" of grand jury material). Although "[n]either the text of the Rule nor the accompanying commentary describes any substantive standard governing issuance of such orders," Sells Engineering, 103 S.Ct. at 3148, the Supreme Court has consistently construed the Rule "to require a strong showing of particularized need for grand jury materials before any disclosure will be permitted." Id.

**B.   Standard of Review**

"The determination in a particular case of whether or not disclosure will be granted is properly to be left to the 'sound discretion' of the district court." Allis-Chalmers, 323 F.2d at 242 (quoting Pittsburgh Plate Glass Co. v. United States, 79 S.Ct. 1237, 1239 (1959)). The moving party bears the burden of showing particularized need for grand jury materials. Id. at 240. See also Douglas Oil Co., 99 S.Ct. at 1678 ("Generally we leave it to the considered discretion of the district court to determine the

proper response to requests for disclosure under Rule 6(e).");
Sells Engineering, 103 S.Ct. at 3147-3149 (same); United States v.
Baggot, 103 S.Ct. 3164, 3167 (1983) (same).

**C.    Analysis**

Opponents to the Government's motion argue, inter alia, that it should be denied because (1) the disclosures the Government seeks to make are not "preliminary to or in connection with a judicial proceeding," and (2) the Government has failed to make any showing of particularized need for the disclosure(s).  The Government responds that

> [t]he state bar disciplinary proceedings for every state in issue are preliminary to judicial proceedings, [and] a particularized need has been met as traditions of secrecy are overcome when the testimony sought to be disclosed is for one whose credibility and integrity is essential to public confidence in the judicial system.[4]

1.    Judicial Proceeding

In Baggot the Supreme Court addressed the issue of "whether an Internal Revenue Service [IRS] investigation to determine a taxpayer's civil tax liability is 'preliminary to or in connection with a judicial proceeding' within the meaning of Rule [6(e)(3)](C)(i) [recodified as Rule 6(e)(3)(E)(i)]." Id. at 3165.  The Court concluded that disclosure was "not appropriate . . . because the purpose of the audit [was] not to prepare for or

---

[4]Government's Response to Intervenor's Brief in Opposition, Docket Entry No. 285, p. 1.

conduct litigation, but to assess the amount of tax liability through administrative channels."  Id. at 3167.

      (a)  "Connected with" Judicial Proceeding

In Baggot the parties "sensibly" understood

> the term 'in connection with,' in (C)(i) [now (E)(i)] to refer to a judicial proceeding already pending, while 'preliminary to' refers to one not yet initiated . . . [and] the Government concede[d] that an IRS audit, including its informal internal appeal component, is not itself a 'judicial proceeding' within the meaning of the Rule.

Id. at 3166.  In this case the Government has neither presented evidence that judicial proceedings are pending against any of the attorney-witnesses, nor sought disclosure of grand jury materials "in connection with" a judicial proceeding.  Asserting, instead, that "state bar disciplinary proceedings are preliminary to a judicial proceeding,"[5] the Government argues that Rule 6(e)(3)(E)(i) authorizes the court to enter an order allowing it to disclose grand jury materials to relevant state bar disciplinary authorities.[6]

      (b)  "Preliminary to" Judicial Proceeding

   Citing United States v. Young, 494 F.Supp. 57, 60 (E.D. Tex. 1980), and Baggot, 103 S.Ct. at 3164, the attorneys opposing the

---

[5] Id. at p. 2.

[6] Sealed Motion for Disclosure Order Under Federal Rule of Criminal Procedure 6(e), Docket Entry No. 256, p. 1.

disclosure order argue that absent an existing judicial proceeding or some administrative action requiring resort to a judicial proceeding, Rule 6(e)(3)(E)(i) bars disclosure.[7]  In Young the court concluded that "the phrase 'preliminarily to or in connection with a judicial proceeding' should, at the least, mean that requested grand jury material will be used in preparation for a judicial proceeding that is more than a remote potentiality." 494 F.Supp. at 60.  In Baggot the Supreme Court concluded that "[w]here an agency's action does not require resort to litigation to accomplish the agency's present goal, the action is not preliminary to a judicial proceeding for purposes of [Rule 6(e)(3)(E)](i)." 103 S.Ct. at 3168.  Relying on Young the Court explained that

> the 'judicial proceeding' language of [Rule 6(e)(3)(E)](i) imposes a[] criterion governing the kind of need that must be shown.  It reflects a judgment that not every beneficial purpose, or even every valid governmental purpose, is an appropriate reason for breaching grand jury secrecy.  Rather the Rule contemplates only uses related fairly directly to some identifiable litigation, pending or anticipated.  Thus, it is not enough to show that some litigation may emerge from the matter in which the material is to be used, or even that litigation is factually likely to emerge.  The focus is on the actual use to be made of the material. If the primary purpose of disclosure is not to assist in preparation or conduct of a judicial proceeding, disclosure under [Rule 6(e)(3)(E)](i) is not permitted. []Young, 494 F.Supp. at 60-61.  (emphasis in original)

Id. at 3167.

---

[7]Memorandum in Opposition to Disclosure, Docket Entry No. 262, pp. 4-5; Intervenor's Brief in Opposition, Docket Entry No. 282, pp. 19-21.

In its motion the Government argues that it seeks a court order allowing it to disclose grand jury materials "to relevant state bar disciplinary authorities having jurisdiction over attorney witnesses whose testimony may have revealed misconduct that calls into question their fitness for the practice of law,"[8] because without such an order its lawyers cannot comply with Rule 8.03(a) of the Texas Rules of Professional Conduct.[9] Rule 8.03(a) provides that

> a lawyer having knowledge that another lawyer has committed a violation of applicable rules of professional conduct that raises a substantial question as to the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects, shall inform the appropriate disciplinary authority.

Tex. R. Prof'l Conduct 8.03(a), Tex. Gov't Code Ann., Title 2, Subtitle G, Appendix A, Art. 10 § 9 (Vernon 2005). The Government asserts that

> [t]he process by which disclosure will be handled will be discrete and limited to designated members of the various state bars. As a matter of policy, this office will handover all transcripts authorized for disclosure to the Department of Justice Office of Professional Responsibility (OPR). OPR will review each transcript and determine which portions are pertinent to attorney discipline and only those portions of the transcript relevant to misconduct will be disclosed to the various

---

[8] Sealed Motion for Disclosure Order Under Federal Rule of Criminal Procedure 6(e), Docket Entry No. 256, p. 1.

[9] Id. at p. 2 ¶ 5. See also Government's Response to Memorandum in Opposition to Disclosure, Docket Entry No. 268, pp. 2-3 (asserting that Government "lawyers cannot comply with this disciplinary rule without an order to disclose the Grand Jury testimony in question").

state bars by OPR. Should a state bar initiate proceedings against an attorney, both the bar and the attorney should be provided with the entire transcript.[10]

The Government's stated reason for seeking a disclosure order and its description of the process by which it intends to effect disclosures establish that its primary purpose for seeking a disclosure order is not to assist in preparation or conduct of judicial proceedings but, instead, to report conduct that the OPR perceives to be unethical to state authorities who might then initiate disciplinary proceedings against the attorney-witnesses. Although the Government asserts that "each state bar receiving the material shall be ordered to keep the material confidential for the limited purpose of disciplinary review and action,"[11] the Government has not identified what, if any, judicial proceedings are required for "disciplinary review and action" by the state authorities in each of the jurisdictions to which it intends to disclose grand jury material.[12] Instead, the Government asserts that

> [a]ll of the states have some final recourse to the appellate or supreme courts by attorneys facing lengthy suspensions or disbarment. In each state, the primary responsibility for conducting investigations and hearings is delegated to boards, commissions, and panels defined by statute and rules.[13]

---

[10] Government's Response to Intervenor's Brief in Opposition, Docket Entry No. 285, p. 10.

[11] Id. at p. 7.

[12] Id.

[13] Id. at p. 5.

The court concludes that disclosure under Rule 6(e)(3)(E)(i) is not warranted under these circumstances because the Government has made no showing either that any state authority to whom disclosure will be made would subsequently be required to initiate disciplinary proceedings against any of the attorney-witnesses, or that any disciplinary proceedings so initiated would constitute "judicial proceedings" for purposes of Rule 6(e)(3)(E)(i). Since in Baggot the Supreme Court concluded that "[w]here an agency's action does not require resort to litigation to accomplish the agency's present goal, the action is not preliminary to a judicial proceeding for purposes of [Rule 6(e)(3)(E)](i)," id. at 3168, the court concludes that the Government has failed to show that the disclosures it seeks to make are "preliminary to" judicial proceedings. See Baggot, 103 S.Ct. at 3167 (explaining that "it is not enough to show that some litigation may emerge from the matter in which the material is to be used, or even that litigation is factually likely to emerge. The focus is on the actual use to be made of the material. If the primary purpose of disclosure is not to assist in preparation or conduct of a judicial proceeding, disclosure under (C)(i) [now (E)(i)] is not permitted.").

    2.   <u>Particularized Need</u>

In Sells Engineering, 103 S.Ct. at 3148, the Supreme Court recognized that Rule 6(e)(3)(E)(i) requires "a strong showing of

-11-

particularized need for grand jury materials before any disclosure will be permitted." The Court described the standards courts are to use when determining if "a strong showing of particularized need" has been made:

> Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed. . . It is clear from Procter & Gamble and Dennis [v. United States, 86 S.Ct. 1840, 1851 (1966),] that disclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy, and that the burden of demonstrating this balance rests upon the . . . party seeking disclosure. It is equally clear that as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification. In sum . . . the court's duty in a case of this kind is to weigh carefully the competing interests in light of the relevant circumstances and the standards announced by this Court. And if disclosure is ordered, the court may include protective limitations on the use of the disclosed material. (citations omitted)

Id. (citing Douglas Oil, 99 S.Ct. at 1674-1675). The Court also recognized that these standards applied to all parties seeking disclosure regardless of whether public or private. Id. Opponents to the Disclosure Order argue that the Government has failed to make any showing of particularized need.[14]

---

[14]Intervenor's Brief in Opposition to Release of Grand Jury Transcripts, Docket Entry No. 282, p. 13. See also Memorandum in Opposition to Disclosure, Docket Entry No. 262, p. 8 (arguing that the motion lacks a demonstration of particularized need because the purpose for the disclosure(s) is to instigate investigations).

(a) Prerequisite to Showing of Particularized Need

In <u>Baggot</u> the Supreme Court noted that the inquiries used by courts to analyze a party's showing of particularized need "cannot even be made without consideration of the particulars of the judicial proceeding with respect to which disclosure is sought." 103 S.Ct. at 3167 & n.4.  Although the Government argues that "each state bar receiving the material shall be ordered to keep the material confidential for the limited purpose of disciplinary review and action,"[15] the Government has not identified what, if any, judicial proceedings are required for "disciplinary review and action" by any of the jurisdictions to which it intends to make disclosures.[16]  The Government's failure to identify either the proceedings in which the disclosed material will actually be used, or the rules and procedures that govern those proceedings, precludes the court from finding that the Government has made a strong showing of particularized need for the disclosures because absent this information, the court is unable to determine whether the material the Government seeks to disclose is needed to avoid a possible injustice in another judicial proceeding, whether the need for disclosure is greater than the need for continued secrecy, whether the Government's request is structured to cover only

---

[15]Government's Response to Intervenor's Brief in Opposition, Docket Entry No. 285, p. 5.

[16]<u>Id.</u> at p. 7.

material so needed, and whether the need for disclosure outweighs the public interest in secrecy.  See id.

> (b)   Showing of Particularized Need

Asserting that "[a]n attorney's honesty, trustworthiness, and general fitness to practice law is a matter of public welfare that outweighs the need for secrecy in a completed prosecution,"[17] and that "[a]n attorney should not be permitted to clothe himself in the trappings of grand jury secrecy to avoid being held accountable by the jurisdictions that regulate their license to practice law,"[18] the Government argues that disclosure is compelling in this case because (1) the state authorities cannot acquire testimony before the grand jury by other means, (2) since the grand jury has ceased its investigation disclosure is proper because the ends of justice require it, and (3) disclosure is necessary to facilitate the proper adjudication of attorney misconduct to protect the public and the courts.[19]

As discussed below, however, the Government fails to explain how or why these reasons show that

> the material [it] seek[s to disclose] is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, . . . [or] that [its] request is structured to cover only material so needed,

---

[17] Id. at pp. 6-7.

[18] Id. at p. 7.

[19] Id. at pp. 7-8.

Sells Engineering, 103 S.Ct. at 3148.  The court is, therefore, not persuaded that the Government has made a strong showing of particularized need to make the disclosures.  See Baggot, 103 S.Ct. at 3167 & n.4.

### (1) Injustice in Another Judicial Proceeding

The Government asserts that state authorities cannot acquire grand jury testimony by other means because neither the charging documents nor the other public records filed in this case identify the attorneys by name.[20]

> Disclosure of grand jury materials preliminarily to or in connection with a judicial proceeding has been perceived to be in the interest of justice in situations where such materials are needed (1) to refresh the recollection of a witness who will testify at trial or (2) to impeach witnesses or test their credibility at trial.

Young, 494 F.Supp. at 59.  Since the Government has failed to identify any judicial proceeding in which the materials it seeks to disclose will actually be used, the Government has similarly failed to show that the disclosure "is needed to avoid a possible injustice in another judicial proceeding." Sells Engineering, 103 S.Ct. at 3148 (quoting Douglas Oil, 99 S.Ct. at 1674-1675).

### (2) Need for Disclosure is Greater than Need for Continued Secrecy

The Government asserts that since "[t]he grand jury has ceased its investigation of the UTU and the attorneys who did business

---

[20]Id. at p. 7.

with UTU . . . disclosure is wholly proper where the ends of justice require it."[21]  Since, however, many of the reasons for the grand jury's policy of secrecy continue to exist even after an individual grand jury has completed its investigation, and since the Government has not included any analysis of these reasons in its submissions to the court,[22] the court is not persuaded that the Government has made any showing that the need for disclosure outweighs the public interest in secrecy.

### (3)  Structured to Cover Only Needed Material

The particularized need test requires disclosures to be "structured to cover only material" needed to assist ongoing or identifiable judicial proceedings.  <u>Baggot</u>, 103 S.Ct. at 3167 & n.4.  Nevertheless, the order sought by the Government would direct wholesale disclosure of grand jury transcripts and records to recipients identified only as "state bar disciplinary authorities."[23]  Although the Government argues that these disclosures are "necessary to facilitate the proper adjudication of attorney misconduct to protect the public and the courts,"[24] the Government fails to make any showing that the disclosures it has

---

[21]<u>Id.</u> at p. 8.

[22]<u>See</u> <u>id.</u>

[23]Sealed Motion for Disclosure Order Under Federal Rule of Criminal Procedure 6(e), Docket Entry No. 256, p. 1.

[24]Government's Response to Intervenor's Brief in Opposition, Docket Entry No. 285, p. 8.

requested are "structured to cover only material" needed to assist ongoing or identifiable judicial procedures. Instead, the Government asserts that the

> process by which disclosure will be handled will be discrete and limited to designated members of the various state bars. As a matter of policy, this office will handover all transcripts authorized for disclosure to the Department of Justice Office of Professional Responsibility (OPR). OPR will review each transcript and determine which portions are pertinent to attorney discipline and only those portions of the transcript relevant to misconduct will be disclosed to the various state bars by OPR. Should a state bar initiate proceedings against an attorney, both the bar and the attorney should be provided with the entire transcript.[25]

This description of the Government's proposed disclosure process demonstrates that the proposed disclosures are not "structured to cover only material" needed to assist ongoing or identifiable judicial proceedings. Baggot, 103 S.Ct. at 3167 & n.4. See Allis-Chalmers, 323 F.2d at 242 (holding that "disclosure of grand jury testimony is properly granted where there is a compelling need for such disclosure and such disclosure is required by the ends of justice," but asserting that "[d]isclosure even in these circumstances must be closely confined to the limited portions of the testimony for which there is found to be a particularized need").

### III.  Conclusions and Order

For the reasons explained above the court concludes that the Government has failed to show that the disclosures it seeks to make

---

[25]Id. at p. 10.

are "preliminary to or in connection with a judicial proceeding," and has failed to make a strong showing of a particularized need for the disclosures.  Absent these showings disclosure of grand jury materials is not authorized by Federal Rule of Criminal Procedure 6(e)(3)(E)(i).  The Disclosure Order entered on January 19, 2005 (Docket Entry No. 258), is therefore **VACATED**, and the Government's Motion for Disclosure Order Under Federal Rule of Criminal Procedure 6(e) (Docket Entry No. 256) is **DENIED**.

    **SIGNED** at Houston, Texas, on this 13th day of September, 2005.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE